John Allen McNAIR, Jr. *v.* Patricia Coulter McNAIR

93-97 870 S.W.2d 756

Supreme Court of Arkansas
Opinion delivered March 7, 1994
[Rehearing denied April 18, 1994.*]

---

*Hays and Newbern, JJ., not participating.

*Mashburn & Taylor*, by: *Lindlee Baker Norvell* and *Bill Putman, Jr.*, for appellant.

*Pettus Law Firm, P.A.*, by: *E. Lamar Pettus*, for appellee.

DIANE STOAKES MACKEY, Special Justice. Appellant/cross-appellee John Allen McNair, Jr. filed a complaint in the Circuit Court on January 9, 1990, seeking to replevy a 1987 Chevy Blazer. On January 8, a Bill of Sale had been executed by his daughter whereby she transferred her interest in the Blazer to John McNair. In reality, she had none and did not supply a title. On January 9, an Affidavit for Delivery and an Order of Delivery were filed seeking immediate possession of the vehicle. Summons was issued and served on the appellee/cross appellant Patricia Coulter McNair by the Sheriff, who began to take possession of the Blazer on January 11, 1990. The court upon oral motion revoked the Order of Delivery and stayed delivery before the Blazer was removed from Mrs. McNair's driveway.

The Answer denied that the daughter had any interest in the Blazer to convey and alleged that replevin was improper. Mrs. McNair counterclaimed for abuse of process and outrage based

on a series of prior court actions relating to the same vehicle, on her own ownership of the Blazer, and on John McNair's improper intention to abuse, coerce and harass her. The counterclaim also alleged the intentional infliction of emotional distress, forfeiture of bond, and conversion. No bond was actually issued.

At trial the court directed a verdict against John McNair on his replevin claim and against Patricia McNair on the tort of outrage. The jury found for Patricia McNair on her counterclaim and awarded her damages of $22,500 on the abuse of process claim, $8,227 on the conversion claim[1], and $70,000 in punitive damages.

John McNair's motion for new trial was denied although the court reduced the amount of punitive damages to $20,000 and denied the Rule 11 sanctions requested by Mrs. McNair. On appeal, three points are raised.

 I. The trial court erred in denying the appellant's motion for a new trial as the verdict is clearly contrary to the preponderance of the evidence and is contrary to law.

 II. The trial court maintained no jurisdiction to determine issues of marital property and therefore the jury's verdict finding the appellant liable for conversion is void.

 III. The trial court erred in denying the appellant a new trial as the jury's award of both compensatory and punitive damages was excessive and influenced by passion or prejudice.

On cross appeal the issue is:

 I. The trial court erred in ordering remittitur of the punitive damage awards.

The results of the decision of the trial court on issues I, II and III are correct, and the decision is affirmed. We will sustain the trial court's decision if it is right, even though we may do so on a different basis. *Morrison* v. *Lowe*, 274 Ark. 358, 625 S.W.2d 452 (1981). We hold that the remittitur of the punitive

---

[1]The trial court modified the jury's calculation with agreement of the parties.

award constituted error. Accordingly we reverse the trial court on this issue.

## I.

John McNair challenges the jury's verdict as being contrary to the preponderance of the evidence and does so by appealing from the trial court's denial of a new trial. Review of the evidence convinces this Court that there is indeed substantial evidence in the record to support the jury verdicts relating to abuse of process, conversion and punitive damages.

The jury verdict in favor of Mrs. McNair's counterclaim based on abuse of process is challenged as being contrary to the preponderance of the evidence and contrary to law. There is no challenge to the Court's directed verdict on the replevin action, although Mr. McNair belatedly mentions a possible constitutional defect in the replevin statutes. This issue was not developed at trial nor was the Attorney General notified in advance, as is required, and the Court does not find that he raises a serious constitutional challenge. To do so would be anomalous, at any rate, since he proceeded under that statute. See *Olmstead* v. *Logan*, 298 Ark. 421, 768 S.W.2d (1989).

The elements of an abuse of process claim are: (1) a legal procedure set in motion in proper form even with probable cause and even with ultimate success, (2) but, perverted to accomplish an ulterior purpose for which it is not designed, and (3) a wilful act in the use of process not proper in the regular conduct of the proceeding. *Union Nat'l Bank* v. *Kutait,* 312 Ark. 14, 846 S.W.2d 652 (1993).

Evidence submitted at trial indicates that John McNair elected to use the "short" replevin statute, rather than to comply with the added provisions passed by the Legislature in 1973. The 1973 provisions were enacted to correct any constitutional problems in *Ark. Code Ann.* §18-60-809, *et. seq.* in light of *Fuentes* v. *Shevin*, 407 U.S. 67 (1972). The Supreme Court held in *Fuentes* that the issuance of a writ of replevin without prior notice to the party in possession of property was a violation of due process. While the old statute was not repealed, the added notice provisions are constitutionally required. *See Ark. Code Ann.* §8-60-801—808. No prior notice was given to Patricia McNair; the deputy

sheriff simply appeared at her home to take away her vehicle. Furthermore, Mr. McNair had no real title to the Blazer, a basic requirement to begin replevin. Additionally, no bond was posted. Thus, the action was not begun in proper form either under the old or newer statute.

The jury could find that Mr. McNair acted with an ulterior purpose from the testimony relating to his prior attempts to obtain the Blazer through successive chancery actions. His own testimony showed confusion, and contradictions which the jury apparently believed called into question his good faith in beginning the replevin action based only on guesses and a derivative claim of ownership. We will not, of course, substitute our judgment on any question of credibility. The jury could find that the first and second elements were sufficiently supported by the evidence.

In *Cordes* v. *Outdoor Living Ctr.. Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989) the Court discussed the nature of the third element, the wilful act requirement. For the third element to be present the procedure must have been perfected to accomplish an ulterior purpose for which it was not designed. Showing that a vexatious lawsuit was filed is not enough by itself. There must be a specific abusive use of "process," like serving an arrest warrant or, as here, obtaining an Order of Delivery and handing it to the Sheriff for execution. It is uncontradicted that Mr. McNair did exactly that.

Mrs. McNair did provide substantial evidence on each of the three required elements, and therefore is entitled to recover on her claim of abuse of process. The trial court is affirmed in denying a new trial on that claim.

## II.

Appellant McNair raises a jurisdictional issue relating to Patricia McNair's counterclaim for damages for conversion of one-half of an IRS refund resulting from the filing of a joint return covering the last year of the marriage. This issue was not preserved, but since the appellant urges lack of jurisdiction, this issue may be raised for the first time on appeal. *See, Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1989); *Hilburn* v. *1st State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976).

The trial court properly instructed the jury on the elements of conversion, which was one of the grounds for damages alleged in Mrs. McNair's Counterclaim. By doing so the jury was directed to make a determination on an action clearly cognizable in the circuit court.

To the extent that John McNair attempted to raise an ambiguity or omission in the separate Stipulation Agreement as a defense to the charge of conversion, he raised a matter of contract interpretation relating to an asset which did not exist at the time of the Agreement but which, due to the Agreement's failure to address the issue, had arisen relating to a tax refund received after the divorce. (The Chancery Court did not retain jurisdiction concerning the Agreement.) Interpretation of an ambiguous contract term is within the jurisdiction of the circuit court for resolution by the trier of fact. *Shipley* v. *Shipley*, 305 Ark. 257, 807 S.W.2d 915 (1991).

The trial court therefore did not lack subject matter jurisdiction since both conversion and contract interpretation are encompassed within its power.

Mr. McNair further argues that submission to the jury of an instruction relating to division of marital property brought improper equity considerations to the jury in its deliberation. No party may assign as error on appeal the giving of an instruction unless he objects at trial and gives the grounds for his objection. *Delta School of Commerce, Inc.* v. *Wood*, 298 Ark. 195, 766 S.W.2d 424 (1989). This Mr. McNair failed to do; he may not now challenge the instruction.[2]

## III.

John McNair claims that both the compensatory and punitive damages were excessive and influenced by passion or prejudice. This court's review, as set out in *Morrison* v. *Lowe,* 274 Ark. 358, 625 S.W.2d 452 (1981), is de novo, to determine whether the amount of the judgment shocks the conscience of the Court.

---

[2]The Court in no way condones the submission of an equitable instruction relating to the division of marital property to the jury in these circumstances. Nevertheless, appellant failed to object before the trial court and may not raise the issue before this Court for the first time.

The Court may either restore the jury verdict or even reduce it further.

■ Patricia McNair has also challenged on cross appeal the punitive damages award, as remitted by the trial court. Remittitur is within the inherent power of the court if an award is grossly excessive or appears to be the result of passion or prejudice. Newbern, Ark. Civil Prac. and Proc. §27-1; *Holmes* v. *Hollingsworth*, 234 Ark. 347, 352 S.W.2d 96 (1961). It may be ordered *sua sponte*. When a losing party files an appeal, the winning party has the right to challenge the court's revision of the jury verdict by means of cross appeal even if it agreed to the remittitur.

■ A review of our cases demonstrates that a number of standards have been applied to measure the propriety of punitive or exemplary damages. The extent and enormity of the wrong, the intent of the party committing the wrong, all the circumstances, and the financial and social condition and standing of the erring party may be considered. *Holmes, supra* at 352. Appropriate compensation is not the test, but rather such damages are to be a penalty for conduct which is malicious or done with the deliberate intent to injure another. The penalty should be sufficient to deter others from such conduct. *Ray Dodge. Inc.* v. *Moore*, 251 Ark. 1036, 1044 479 S.W.2d 518 (1972). *See also, Interstate Freeway Services, Inc.* v. *Houser*, 310 Ark. 302, 310 835 S.W.2d 872, 876 (1992).

The jury had before it evidence of the affluence of Mr. McNair so that a large verdict could have been viewed as necessary for adequate punishment. The repetitive legal proceedings relating to the Blazer, the conversion of the IRS refund coupled with the forging of Mrs. McNair's name, and John McNair's failure to comply with the replevin statutes were before the jury, which could have deduced premeditated malice and the intent to harm his ex-wife from that evidence. The jury was instructed without objection that violation of the replevin statute was evidence to be considered, and the jury had heard that not only was the bond not posted, but more importantly, that no notice was given to Mrs. McNair. While the punitive award is large, this court has approved damages proportionally larger. *See, e.g., Viking Insurance Company of Wisconsin* v. *Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992).

Mr. McNair argues that testimony was elicited which inflamed the sympathy of the jury so as to increase the award because of passion and prejudice. A review of the record shows that the most damaging testimony was elicited by John McNair's attorney on cross examination. Such testimony, if error, cannot now be heard to be the basis for remittitur when evoked by Mr. McNair himself. Testimony supportive of Patricia McNair which was brought out by her own attorney was not objected to and thus cannot be cited as the improper basis for the jury's award either.

 The court may not substitute its judgment for the jury's when there is a basis in the evidence for its award and no objection to evidence tending to create passion or prejudice. *Clayton* v. *Wagnon*, 276 Ark. 123, 633 S.W.2d 19 (1982); *Morrison, supra.* While this Court may not have awarded the sum thought by the jury to be a proper punitive award, it, too, may not substitute its judgment for the jury's punitive damages award which meets the standards for such awards. Ample evidence exists that such standards were met. Accordingly, the jury's award of punitive damages should be upheld, the remittitur was improper, and the court's judgment ordering reduction of damages is reversed because on de novo review, the award does not shock the conscience of the Court. The jury's punitive damage award of $70,000 is therefore restored, and Mrs. McNair's cross appeal is granted.

John McNair also challenges the award of compensatory damages as being excessive and swayed by passion or prejudice. As to the latter, the record indicates that both sides submitted evidence derogatory to the other without objection. The evidence most damaging and most likely to raise passion or prejudice was evoked by Mr. McNair's own attorney, and he cannot now be heard to complain about that evidence.

To support his claim that the $22,500 awarded on Mrs. McNair's counterclaim based on abuse of process is excessive, Mr. McNair points out that the actual period of time during which the replevin action was being carried out was about one hour and that the Blazer never left the driveway. The attempted execution of delivery occurred at 10:00 a.m. in the morning and the deputy sheriff was respectful. He further claims that the proceeding did no damage to Mrs. McNair's reputation, and that she did not

prove that she had to see a doctor or stay awake at night as a result of the attempted replevin.

In response, Mrs. McNair showed that she was so emotionally upset by the continuation of John McNair's harassment that she collapsed on the sidewalk crying and shaking. Further, she had need of the support of friends. This episode took place when she was home alone caring for the youngest McNair children, and she has needed counseling. She was required to hire a lawyer to protect her interests. She testified that this was in effect, the last straw after two previous lawsuits brought against her by John McNair. The jury thus received evidence sufficient to support its award for damages based on a cause of action which is not usually susceptible of exact proof of loss. The jury chose to rely on Mrs. McNair's evidence in assessing the award, which we will not disturb.

The Court finds, based on the foregoing, that the compensatory award of $22,500 was based on sufficient evidence, was not merely the result of passion and prejudice, and does not shock the conscience of the Court. The denial of a new trial on the issue of compensatory damages is affirmed.

The damage award of $8,227 on the conversion claim was not directly challenged by either party and need not be addressed.

### IV.

Patricia McNair argues entitlement to the sum of $1,347.00 for attorney fees and costs incurred in preparation of the Supplemental Abstract. Unquestionably, some material relevant to the issues on appeal was added in the Supplemental Abstract. Some of it was repetitious and some of it was needed to support her counterclaim. It is impossible to separate the time and costs for the Supplemental Abstract portions essential only to the appeal itself. The court will not speculate by allocating those costs, and so the motion is denied.

HOLT, C.J., and GLAZE, DUDLEY, CORBIN, and BROWN, JJ. join in this opinion.

Special Justice RAY BAXTER joins in this opinion.

HAYS and NEWBERN, JJ., not participating.