Gary SKELTON *v.* CITY OF ATKINS, Arkansas

93-502                                                   875 S.W.2d 504

Supreme Court of Arkansas
Opinion delivered May 9, 1994

*Robert E. Irwin*, for appellant.

*William S. Swain*, for appellee.

TOM GLAZE, Justice. On January 16, 1991, Rodney Cozort was convicted in the Atkins Police Court of DWI, second offense. Among the provisions of his sentence was an order to pay $805.00 as fine and costs. Cozort did not appeal his conviction and failed to pay the $805.00. Sometime later — not clear from the record — the trial court issued a warrant, and Cozort was arrested. On March 8, 1992, Cozort was released from jail on the payment of $805.00 by his friend, the appellant Gary Skelton. The record reflects that a factual dispute resulted as to whether Skelton's payment was intended as a loan or gift to Cozort or a cash bond paid on Cozort's behalf.

On June 30, 1992, the police court held a hearing to allow Cozort to show cause why he should not be imprisoned for non-payment of the $805.00 fine and costs. On July 24, 1992, the police court entered an order finding the $805.00 paid by Skelton was the property of Cozort. The court further held the city acquired a lien on the $805.00 cash funds, and the court ordered foreclosure on those funds in satisfaction of Cozort's debt for fine and costs.

On July 24, 1992, the same date of the police court's order, Skelton filed suit in chancery court, naming the City of Atkins and its mayor as defendants and requesting an injunction to enjoin the city from using Skelton's money for the payment of Cozort's fine. The mayor answered, asking that he be dismissed from the suit, since he had no control over the police court, and therefore was not a proper party. The city attorney later filed an amended answer on the city's behalf, generally and specifically denying the relief sought by Skelton. One month later, the chancery court dismissed the mayor from the lawsuit, leaving no official of the city as a party to the lawsuit. Nonetheless, the city attorney and Skelton both filed respective motions for summary judgment, and the chancellor granted the city attorney's motion. The chancellor then entered an order in the city's behalf, dismissing Skelton's suit with prejudice. Skelton appeals from that order.

Skelton's primary argument is that the chancery court erred in granting the city's summary judgment motion because the

record shows that, throughout the police court and chancery court proceedings below, Skelton disputed the fact that the $805.00 was Cozort's. Skelton always contended that he had posted the $805.00 as an appearance bond, and Cozort had made all court appearances. Skelton claimed ownership and return of his cash bond. Consequently, Skelton argues the city had no lien on the disputed $805.00 upon which it could collect Cozort's fines or costs under Ark. Code Ann. § 5-4-204 (Repl. 1993).[1] In sum, Skelton submits that a dispute of a material fact exists as to the ownership of the $805.00, and therefore, the chancellor erred in granting the city's summary judgment motion.

The city also claimed entitlement to the $805.00 as a deposit in lieu of bond paid by Skelton under Ark. Code Ann. § 16-84-115 (Supp. 1993). More particularly, the city relied on § 16-84-115(3) which provides that, upon judgment being rendered against a defendant for fine and costs, the court rendering the judgment may order any money deposited agreeably to this section to be applied to the payment thereof. Skelton says that he did not deposit his $805.00 under § 16-84-115 and in fact, he posted the funds long after Cozort's conviction and after Cozort was ordered to show cause why he should not be jailed for failure to have paid his fine as directed by the court's earlier conviction judgment.[2] Whether Skelton and his posting of a bond comes within the language of the bail provisions set out in Ark. Code Ann. §§ 16-84-101 through 16-84-203 (Supp. 1993) is quite questionable, but we simply are unable to decide that issue because we must hold the chancery court did not have subject matter jurisdiction of this cause.

▆ Neither party addressed the question of jurisdiction

---

[1]Section 5-4-204 provides as follows:

(a) When a defendant sentenced to pay a fine or costs defaults in the payment thereof or of any installment, the fine or costs may be collected by any means authorized for the enforcement of money judgments in civil actions.

(b) A judgment that the defendant pay a fine or costs shall constitute a lien on the real and personal property of the defendant in the same manner and to the same extent as a money judgment in a civil action.

[2]The transcript does reflect that some person (name illegible) did post a cash bond in the amount of $805.00 after Cozort's arrest and before he was tried and convicted of the DWI 2nd violation.

of the chancery court, but jurisdiction is a question we can address at any time. *Head* v. *Caddo Hills School District*, 277 Ark. 482, 644 S.W.2d 246 (1982); *Bratcher* v. *Bratcher*, 36 Ark. App. 206, 821 S.W.2d 481 (1991) (subject matter jurisdiction is always open, cannot be waived, and can be raised by this court sua sponte). The court has held that it is not only the right but the duty of this court to determine whether there is jurisdiction of the subject matter. *Hilburn* v. *First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976).

██ The city police court has exclusive jurisdiction of all prosecutions and actions for infractions of the city's bylaws or ordinances and concurrent jurisdiction with the circuit courts and justices' courts of prosecutions for misdemeanors committed in the city. Ark. Code Ann. § 16-88-101(a)(3)(A) (1987); *see also* Ark. Code Ann. § 16-18-110 (1987) (which among other things provides the judges of the police court shall have within the limits of the city all the jurisdiction and power of a justice of the peace in all civil or criminal matters). Section 16-18-110(d) further provides that the police court judge has the exclusive jurisdiction of all prosecutions for violations of any city ordinance and may award and issue any process or writs that may be necessary to enforce the administration of justice throughout the city, and for the lawful exercise of his jurisdiction according to the usages and principles of law. The judge of the police court is also statutorily required to account for all penalties, fines, and forfeitures imposed by the court, in city cases, to the city council and pay into the city treasury the amount received. Ark. Code Ann. § 16-18-104 (1987). And lastly, any final conviction or sentence of the police court may be examined into by the *circuit court* of the county and proceedings may be stayed on such terms as may be reasonable. Ark. Code Ann. § 16-18-107 (Repl. 1994).

██ Rather than appealing to the circuit court the police court's decision foreclosing on and attaching the disputed funds and applying them to Cozort's fine, Skelton filed suit in chancery court attempting to countermand the police court's order by enjoining the city's use of Skelton's funds.[3] We know of no author-

---

[3] We note that, although Skelton claims ownership of the disputed funds and argues the funds were posted as a cash bond, he never formally intervened in the police court proceeding to assert his claim.

ity by which the chancellor could grant Skelton such relief. In oral argument, Skelton suggested chancery court had such authority, assuming the city's conversion of the funds amounted to an illegal exaction under Article 16, Section 13 of the Arkansas Constitution. However, our response to such suggestion is twofold: (1) appellant-Skelton's record on appeal is limited to that which is abstracted, *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994), and nothing appears in either his abstract or argument that mentions illegal exaction; (2) while the transcript (not the abstract) contains Skelton's complaint which, in one paragraph, does allege the city's action amounted to an illegal exaction, nowhere in the record do we find that contention argued to or ruled on by the chancery court. Nor does Skelton even now indicate how the police court's (or for that matter the city's) action resulted in an illegal exaction.

Because the record fails to reflect the chancery court had jurisdiction of this cause, we must reverse and dismiss.