Tenkasi M. VISWANATHAN *v.* The MISSISSIPPI COUNTY
COMMUNITY COLLEGE BOARD OF TRUSTEES

94-446                                                                    887 S.W.2d 531

Supreme Court of Arkansas
Opinion delivered December 5, 1994
[Rehearing denied January 17, 1995.]

*Appellant*, pro se.

*Everett Edsel Harber*, for appellee.

STEELE HAYS, Justice. Appellant Tenkasi M. Viswanathan appeals the denial of a motion requesting an extension of time in order to file a petition for judicial review pursuant to the Arkansas Administrative Procedure Act (APA). Ark. Code Ann. §§ 25-15-201—214 (Repl. 1992 and Supp. 1993). We hold the APA is not applicable to the discharge of an employee and affirm the circuit court's denial of the motion.

Appellant Viswanathan was an instructor at Mississippi County Community College during the 1992-1993 school year. Appellee Mississippi County Community College Board of Trustees notified Mr. Viswanathan that he would not be offered a contract for the 1993-1994 school year. The letter of notification was dated October 20, 1993, and Mr. Viswanathan asserts he received the letter on October 28. On November 29 Mr. Viswanathan filed his motion for extension of time in order to file a petition for judicial review.

In an order filed December 6 the trial court denied the motion. Subsequently, Mr. Viswanathan filed a motion for reconsideration pursuant to ARCP Rule 59. The trial court held Mr. Viswanathan had thirty days to file his petition for judicial review pursuant to Ark. Code Ann. § 25-15-212(b)(1) (Repl. 1992). The trial court found the time began to run when the letter was mailed on October 20 and the Administrative Procedure Act does not provide an exception to the thirty day requirement. Consequently, the trial court denied the motion for reconsideration. Mr. Viswanathan appeals from the December 6 Order and the order denying reconsideration. He raises seventeen points on appeal.

### Jurisdiction

Mr. Viswanathan sought an extension in order to file a petition for judicial review pursuant to the judicial review provision (Ark. Code Ann. § 25-15-212) of the Administrative Pro-

cedure Act. Section 25-15-212, Administrative adjudication — Judicial review, provides in part:

> (a) In cases of adjudication, any person . . . who considers himself injured in his person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter.

However, in *Ark. Livestock & Poultry Comm'n* v. *House*, 276 Ark. 326, 634 S.W.2d 388 (1982), we held the discharge of an employee is not an adjudication but an administrative decision and the circuit court is without jurisdiction to review such actions. *See also Stafford* v. *City of Hot Springs*, 276 Ark. 466, 637 S.W.2d 553 (1982). In *Ark. Livestock & Poultry Comm'n* we wrote:

> It seems too obvious for serious argument that the Administrative Procedure Act, enacted in 1967, was never designed nor intended to create supervisory responsibility by the judicial branch of state government over the day-to-day actions of the executive branch, including the hiring and firing of personnel, but, rather, to establish procedures for hearings and notice (which meet due process requirements) in those functions of the executive branch which are basically adjudicatory or quasi judicial, particularly with respect to rule making, the renewal or revocation of licenses, and where, under law, an agency of the State must make orders based on the adjudication process. But it is only in the judicial functions that the Administrative Procedure Act purports to subject agency decisions to appellate review and then only as narrowly prescribed in the act. *See J. L. Williams & Son* v. *Smith*, 205 Ark. 604, 170 S.W.2d 82 (1943). It hardly need be said that firing employees is clearly an administrative act and not a matter that involves the quasi judicial function of an agency.

Thus, assuming that the Administrative Procedure Act even applies to a decision made by the Board of Trustees, the discharge of an employee is an administrative decision.

██ Jurisdiction is a question the Court can address at any time. *Skelton* v. *City of Atkins*, 317 Ark. 28, 875 S.W.2d 504 (1994). In fact, it is not only the right but the duty of the Court to determine whether there is jurisdiction of the subject matter.

*Id.* Accordingly, we find the circuit court was without subject matter jurisdiction, and we affirm the circuit court's decision. We will sustain the trial court's decision if it is right, even though we may do so on a different basis. *McNair* v. *McNair*, 316 Ark. 299, 870 S.W.2d 756 (1994).

The appellant's points on appeal concern the administrative adjudication process and the procedures for filing a petition for judicial review pursuant to the Administrative Procedure Act. Because the APA is not applicable to the discharge of an employee, we do not address the merits of the appellant's points on appeal.

Affirmed.