Mr. Lee Frazier, Director Arkansas Department of Human Services 329 Donaghey Plaza South, P.O. Box 1437 Little Rock, Arkansas 72203-1437
Dear Mr. Frazier:
This is in response to your request for an opinion concerning Act 1019 of 1997. You note that under section 2(f) (25 and 26) and section 3(f) (25 and 26) of Act 1019, the offenses of theft of property and theft by receiving are listed as offenses which can disqualify a person from employment with a state agency in a position that includes direct contact with children. In addition, you note that under section 3(f) an employee may be discharged "only after an opportunity for a hearing conducted in accordance with the Administrative Procedures Act." With regard to these provisions, you have presented the following questions:
 1. Whether the omission of the word "felony" in the theft provisions indicates legislative intent to disqualify a person from employment if that person has a misdemeanor theft conviction? If so, does this encompass a conviction under the shoplifting and/or hot check statutes?
 2. Whether "in accordance with the Administrative Procedures Act" means that employees have an appeal right to circuit court or whether employees must be afforded the same procedural safeguards under the Administrative Procedure Act?
In my opinion, the General Assembly intended to disqualify a person from employment with a state agency in a position that includes direct contact with children if that person had pleaded guilty or nolo contendere to, or been found guilty of, either theft of property or theft by receiving, including misdemeanor theft of property or theft by receiving. It is also my opinion that the General Assembly intended only to provide an employee facing discharge pursuant to Act 1019 the right to a hearing conducted in accordance with the Administrative Procedure Act (APA). The legislature did not intend to grant the employee the right to invoke the judicial review provisions of the APA.
Question 1 — Whether the omission of the word "felony" in the theftprovisions indicates legislative intent to disqualify a person fromemployment if that person has a misdemeanor theft conviction? If so, doesthis encompass a conviction under the shoplifting and/or hot checkstatutes?
Section 2(f) of Act 1019 provides in part:
 No person shall be eligible for employment with a state agency in a position that includes, as part of the job description, direct contact with a child or children if that person has pleaded guilty or nolo contendere to, or been found guilty of, any of the following offenses by any court in the State of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court: . . .
(25) Theft of property, as prohibited in A.C.A. § 5-36-103;
(26) Theft by receiving, as prohibited in A.C.A. § 5-36-106; . . .
See also Act 1019, § 3(f) (Section 3(f) governs the discharge of employees of a state agency and contains an identical list of proscribed offenses). Depending on the value of the property, the type of property, and the circumstances surrounding the offense, theft of property and theft by receiving may be Class B felonies, Class C felonies, or Class A misdemeanors. See A.C.A. §§ 5-36-103 and 5-36-106 (as amended by Act 516 of 1997).
The basic rule of statutory construction is to give effect to the intent of the legislature, making use of common sense. Coleman v. State,327 Ark. 381, 938 S.W.2d 845 (1997). In light of this fundamental principle, it seems clear that the legislature intended to include both felony and misdemeanor theft offenses. The General Assembly could have easily stated that the offenses were limited to "Felony theft of property" or "Felony theft by receiving" had the legislature so intended. See Act 1019, § 2(f)(24) ("Felony adult abuse, as prohibited by A.C.A. § 5-28-103"); Act 1019, § 2(f)(29) ("Felony violation of the Uniform Controlled Substances Act, as prohibited in A.C.A. § 5-64-401"). Further, it appears that the legislature intended to include some misdemeanor offenses because other offenses enumerated in Act 1019 are classified as misdemeanors. See Act 1019, § 2(f)(15) (sexual abuse in the second degree, A.C.A. § 5-14-109, is a class A misdemeanor); Act 1019, § 2(f)(19) (domestic battering in the third degree, A.C.A. § 5-26-305, is ordinarily a class A misdemeanor); see also Act 1019, § 2(f)(4) (negligent homicide, A.C.A. §5-10-105, may be a class A misdemeanor).
The above conclusion is also supported by Act 990 of 1997, which prohibits certain long-term care facilities and home health care services from employing a person who has been found guilty of, or has pleaded guilty or nolo contendere to, the same offenses that are enumerated in Act 1019. Act 990, however, also provides that "an applicant or employee shall not be disqualified from permanent employment when the applicant or employee has been found guilty of or has pled guilty or nolo contendere to a misdemeanor if the offense did not involve exploitation of an adult, abuse of a person, neglect of a person, theft, or sexual contact." (Emphasis supplied.) Thus, it appears that the General Assembly clearly intended to include misdemeanor theft offenses in the list of proscribed offenses.
With regard to your reference to a conviction under the hot check statute, I assume that you are referring to the Arkansas Hot Check Law, A.C.A. § 5-37-301 et seq. Section 2(f) and section 3(f) of Act 1019 disqualify a person from employment with a state agency if he has been convicted of "any of the following offenses by any court in the State of Arkansas." A violation of the Arkansas Hot Check Law, A.C.A. § 5-37-301et seq., is not one of the listed offenses. Thus, it appears that the legislature did not intend to prohibit the employment of a person who violated the Arkansas Hot Check Law. As to a conviction for "shoplifting," the offense of shoplifting is included under the offense "theft of property." See Smith v. State, 264 Ark. 874, 575 S.W.2d 677
(1979). Theft of property is one of the listed offenses that disqualifies a person from employment; therefore, it is my opinion that a person convicted of "shoplifting" would be disqualified from employment pursuant to Act 1019.
Finally, it should be noted that the provisions of section 2(f) and section 3(f) may, under certain circumstances, be waived by the director of a state agency. Act 1019, § 4. A waiver may be granted based upon, among other circumstances, the age at which the crime was committed, the circumstances surrounding the crime, the length of time since the crime, and any other evidence demonstrating that the applicant or employee does not pose a threat to the health or safety of children. Act 1019, § 4.
Question 2 — Whether "in accordance with the Administrative ProceduresAct" means that employees have an appeal right to circuit court orwhether employees must be afforded the same procedural safeguards underthe Administrative Procedure Act?
Section 3(f) of Act 1019 provides in part:
 A state agency shall discharge from employment in a position that includes, as part of the job description, direct contact with a child or children any person who has pleaded guilty or nolo contendere to, or been found guilty of, any of the following offenses by any court in the State of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court, but only after an opportunity for a hearing conducted in accordance with the Administrative Procedures Act, A.C.A. [§] 25-15-201, et seq.
Where the language of a statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation. Office of Child Support Enforcement v.Harnage, 322 Ark. 461, 910 S.W.2d 207 (1995). Here, section 3(f) of Act 1019, simply provides that an employee may be discharged "only after anopportunity for a hearing conducted in accordance with the Administrative Procedures Act, A.C.A. [§] 25-15-201, et seq." (Emphasis supplied.) The clear and definite meaning of section 3(f) is that an employee must be provided an opportunity for a hearing and the hearing must be conducted in accordance with the APA.
Arkansas Code Annotated § 25-15-212 (Repl. 1996) provides that in cases of adjudication, any person who considers himself injured by final agency action is entitled to judicial review of the action pursuant to the provisions of the APA. In my opinion, there is no indication that the legislature also intended to grant employees subject to discharge the right to invoke the judicial review provisions of the APA. This conclusion is supported by the decisions in Viswanathan v. Miss. CountyC.C. Board, 318 Ark. 810, 887 S.W.2d 531 (1994), and Ark. Livestock Poultry Comm'n v. House, 276 Ark. 326, 634 S.W.2d 388 (1982), where the court held that the discharge of an employee is not an adjudication, as contemplated in the APA, but an administrative decision. The court held that the circuit court is without jurisdiction to review such decisions.Id. The court further stated that the APA was never designed nor intended to create supervisory responsibility by the judicial branch over the day-to-day actions of the executive branch, including the hiring and firing of personnel. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh