James McGANN *v*. PINE BLUFF POLICE DEPARTMENT

97-899                                                    974 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered September 24, 1998

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Edward G. Adcock*, for appellant.

*John W. Cone*, for appellee.

TOM GLAZE, Justice. Appellant James · McGann was employed by the Pine Bluff Police Department in 1985, but in June of 1995, the Department's chief of police suspended McGann for twenty working days for conduct unbecoming an officer. McGann appealed to the Pine Bluff Civil Service Commission, which reduced McGann's suspension period to fifteen days. Based on evidence that surfaced during litigation concerning the incident that led to McGann's suspension, the Pine Bluff city attorney suggested that McGann was too great a liability and should be terminated. The chief of police terminated McGann on January 6, 1997. McGann requested that the Commission review his discharge in accordance with Ark. Code Ann. § 14-51-308 (Repl. 1998). Following a hearing and its review of the matter on February 10, 1997, the Commission issued its findings in an order on March 7, 1997, which in relevant part reads as follows:

> Although termination of [McGann's] employment was not wrongful and was based on legitimate concerns involving Officer McGann's potential contribution to economic liability to the City of Pine Bluff, it is believed that additional steps can be taken to better evaluate the risk McGann poses.
>
> [McGann] should be thoroughly evaluated by a psychologist approved by the [Commission] and . . . should satisfactorily complete short term training in options for handling situations in which the subject is uncooperative and/or aggressive, said training to be first approved by the [Commission].
>
> . . . If the psychological examination concludes that [McGann] meets the psychological standards for law enforce-

ment officers, and . . . if [McGann] successfully completes the short term training described above, he shall be reinstated.

Disagreeing with the Commission's decision, the Department filed a timely appeal to the circuit court on March 10, 1997. One week later, McGann appeared before the Southeast Arkansas Behavioral Healthcare System (Southeast) for an evaluation and met with a "psychological examiner." His evaluation resulted in Southeast's March 17, 1997 report that contraindicated McGann's certification and reinstatement as a police officer. McGann received a letter dated April 7, 1997, indicating that Southeast had not recommended him. On April 9, 1997, the Department dismissed its appeal of the Commission's decision. McGann, having learned of the Department's dismissal, filed his own notice of appeal to the circuit court on April 14, 1997. The Department requested the circuit court to dismiss McGann's appeal because his notice of appeal was filed beyond the thirty-day appeal deadline prescribed by § 14-51-308(e)(1)(B)(i). The circuit court granted the Department's motion to dismiss, and McGann appealed the trial court's dismissal order to the court of appeals. The court of appeals certified that appeal to this court in accordance with § 14-51-308(e)(2)(A).

McGann presents one point for reversal, arguing that the circuit court erred in ruling he filed an untimely appeal. McGann concedes the original deadline for his appeal was April 9, 1997, or thirty days after the Commission's March 7, 1997 decision. However, citing *Pope County v. Friday, Eldredge & Clark*, 313 Ark. 83, 852 S.W.2d 114 (1993), McGann compares the thirty-day appeal deadline to a limitation statute and suggests that the appeal period had been tolled by the Department's filing of its notice of appeal. Thus, the appeal time did not commence running again, according to McGann, until the Department dismissed its appeal. He also cites another case, *Stroud v. Ryan*, 297 Ark. 472, 763 S.W.2d 76 (1989), involving a limitation-period issue and submits that because he suffered no actual injury under the Commission's order, his time for appeal did not take effect until April 7th — the date he first learned that Southeast declined to recommend McGann's retention.

■ ■ We find no merit in McGann's novel arguments, but we need not reach them because the Commission's March 7 order was not final, and therefore, not appealable. The want of a final order is a matter that we raise ourselves, and under Rule 2(a)(1), Arkansas Rules of Appellate Procedure—Civil, we are limited to a review of a final judgment, decree, or order to avoid piecemeal litigation. *See also Fratesi v. Bond,* 282 Ark. 213, 666 S.W.2d 712 (1984). Under § 14-51-308(e)(1)(A), McGann had a right to appeal any decision of the Commission to the circuit court, but like in every case of adjudication by an agency or commission, there still must be a final order. The final decision or order must be in writing or stated in the record, and that final decision must include findings of fact and conclusions of law. *See* Ark. Code Ann. §§ 25-15-210(b)(1) and (2) (Repl. 1996); *Sykes, Printing Adm'r v. General Publishing Co.,* 264 Ark. 1, 568 S.W.2d 33 (1978); *Earp v. Benton Fire Dep't,* 52 Ark. App. 66, 914 S.W.2d 781 (1996); *see also* Ark. Code §§ 14-51-308(e)(1)(B)(ii); and 14-51-308(e)(2)(A), (B), and (f). This court has defined "final order" as one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *See General Motors Acceptance Corp. v. Eubanks,* 318 Ark. 640, 887 S.W.2d 292 (1994).

■ Here, the Commission's decision left several issues unresolved. For example, the Commission's order initially ruled that McGann was not wrongfully discharged, but it then ordered McGann to be reinstated only if, after a psychological examination, he met the minimum standard for law enforcement officers and he completed a short-term training program. McGann concedes the Commission never made a finding concerning these two preconditions, nor does the abstract of record show that McGann or the Department asked the Commission to make any findings or enter an order touching on these preconditions. Because a final order was not entered which resolved the Commission's preconditions set forth in its March 7 order, we are unable to decide this case on appeal.

■ In oral argument, the Department suggested the Commission's order was final at least to the extent that the Commission agreed the chief of police had properly discharged McGann. It submits the Commission simply had no authority to provide conditions under which McGann would be reinstated. *See* Ark. Code Ann. §14-51-212 (Repl. 1998). The Department, however, never raised that issue below, and while it initially appealed the Commission's order, it chose not to challenge the Commission's authority to enter such preconditions by dismissing its appeal. It cannot now raise that issue in this appeal. *See Malone v. Texarkana Pub. Schs.*, 333 Ark. 343, 969 S.W.2d 644 (1998).

■ Therefore, we affirm the circuit court's decision dismissing McGann's appeal, but we do so on the basis that the order McGann appealed from was not final. *See Gurley v. Mathis*, 313 Ark. 412, 856 S.W.2d 616 (1993) (where staff memorandum did not constitute final order but was merely a step in the overall administrative process, the trial court's dismissal of the appeal from the memorandum was affirmed). However, we modify the circuit court's decision dismissing McGann's appeal to reflect that the dismissal is without prejudice to file an appeal once the Commission's final order is entered.

Affirmed as modified.

CORBIN, J., not participating.