James R. MUNSON *v.* ARKANSAS DEPARTMENT of
CORRECTION SEX OFFENDER SCREENING &
RISK ASSESSMENT

06-933                                                    253 S.W.3d 901

Supreme Court of Arkansas
Opinion delivered March 22, 2007
[Rehearing denied May 17, 2007.]

*James R. Munson, Jr.*, pro se appellant.

ANNABELLE CLINTON IMBER, Justice. Appellant James R.
Munson was convicted of first-degree violation of a minor
and sentenced to fifteen (15) years' imprisonment. We affirmed his
conviction in *Munson v. State*, 331 Ark. 41, 959 S.W.2d 391 (1998).

On September 4, 2003, the Arkansas Department of Correction Sex Offender Screening and Risk Assessment Committee (SOSRA) assessed Munson as a level III sex offender. Munson timely filed his request for administrative review of the assessment on September 15, 2003. Following an extended exchange of correspondence between Munson and SOSRA, Munson filed a petition for judicial review of SOSRA's assessment on July 28, 2005, and the circuit court dismissed his petition as being untimely. He then lodged an appeal in this court and presently has two motions pending here: (1) a motion to complete the record and (2) a motion to duplicate his briefs at the state's expense.

As we find no merit to the appeal, the appeal is dismissed without prejudice, and Munson's motions are moot. This court has consistently held that an appeal from the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Booth v. State*, 353 Ark. 119, 110 S.W.3d 759 (2003) (per curiam); *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (per curiam).

Pursuant to the Sex Offender Registration Act of 1997, codified at Ark. Code Ann. §§ 12-12-901 through 12-12-922 (Repl. 2003 & Supp. 2005), the SOSRA committee shall conduct a sex offender risk evaluation and assessment to determine a sex offender's risk level. *See* Ark. Code Ann. §§ 12-12-921 – 12-12-922. Upon receiving a copy of the assessment, the offender can challenge the assigned risk level by seeking an administrative review. *Id.* § 12-12-922(b)(1)(A). The request for review must state that either the rules and procedures were not properly followed in reaching the decision of the offender's risk level, or there is evidence that was not available at the time of the assessment, which would have bearing on the assessment. *Id.* § 12-12-922(b)(3)(A). A member of the committee then has thirty (30) days to review the offender's assessment and send the offender the findings of the review by certified mail. *Id.* § 12-12-922(b)(6)(A) & (7)(A)(i). The offender has thirty (30) days, after he or she receives the findings, to file a petition for judicial review under the Arkansas Administrative Procedure Act. *Id.* § 12-12-922(b)(7)(A)(ii). Under the Arkansas Administrative Procedure Act, a person has thirty (30) days after he or she has been served with the "agency's final decision" to file a petition for judicial review with the circuit court. Ark. Code Ann. § 25-15-212(b)(1) (Repl. 2003).

After being assessed as a level III sex offender in 2003, Munson requested an administrative review. The chair of the

SOSRA committee, Billy Burris, responded to Munson's request by a letter dated November 17, 2003. The letter in its entirety states as follows:

> You have requested a review of your Risk Level Classification. Generally, review requests are based on new information unavailable at the time of the assessment, or allegations that policy and procedures governing the process was [sic] not followed. The information that you provided will be forwarded to the Sex Offender Screening & Risk Assessment [sic].
>
> The only information to be reviewed will be that which may not have been reviewed previously. If that information was in fact reviewed, then your request for a review is not justified.

On December 3, 2003, Munson sent a letter to Burris confirming that he had received the November 17 letter. In his letter, Munson requested information regarding who would be reviewing his case, and a copy of the results of the review. Munson then proceeded to send a series of letters to Burris and Max Mobley, the secretary of the SOSRA committee, further inquiring as to whether the review had been held and about the results of the review.

On March 3, 2004, Mobley sent Munson a letter with a copy of the November 17 letter. In this letter, Mobley stated that the November 17 letter was Burris's opinion on the review of Munson's assessment. On March 14, 2004, Mobley sent Munson another letter stating in part "[i]n case any confusion remains, Mr. Burris completed your review on November 17th. Your level 3 was upheld." Mobley also wrote that he had listened to the tapes of Munson's assessment interview, found no inappropriate actions on the part of the staff, and found Munson's presentation to the committee lacking in credibility.

On March 29, 2004, Munson sent Mobley a letter, in which he confirmed receipt of the March 3 and November 17 letters. However, he alleged that the November 17 letter did not contain any results of his review and instead the letter merely stated that his assessment had been sent to the committee for review. Then, Munson once again requested the results of the committee's review.

On April 6, 2004, Mobley sent Munson another letter in which he summed up the November 17 letter as meaning that Burris "looked at what you sent, and found no basis for review." Mobley also indicated that the SOSRA committee did receive a copy of Burris's opinion. He concluded by stating that Burris had written to Munson about the review on November 17 and reiterated to Munson "[y]our risk level has not changed, nor will it."

Finally, Munson filed a petition for judicial review in the Pulaski County Circuit Court on July 28, 2005. In his petition, Munson alleged that Burris and Mobley were avoiding his assessment review, and he stated that he had no knowledge of the results of the committee's review. In response, SOSRA filed a motion to dismiss, arguing that Munson's petition was untimely. SOSRA asserted that Munson received the results of his review in the November 17 letter and again in the March 14 and April 6 letters but failed to file his petition until several months after the thirty-day deadline had lapsed.

The circuit court entered an order granting SOSRA's motion to dismiss. In support of its order, the circuit court found that Munson received notice of the results of his administrative review through the November 17 letter and also received confirmation, through the March 14 and April 6 letters, that the November 17 letter constituted the results of his review. Based upon those findings, the circuit court concluded that Munson's petition for judicial review was not timely filed.

Under the Administrative Procedure Act, the judicial branch does not occupy a supervisory role by monitoring the day-to-day actions of the executive branch. *Viswanathan v. Mississippi County Cmty Coll. Bd. of Trs.*, 318 Ark. 810, 887 S.W.2d 531 (1994). Rather, it is only the agency's judicial functions that are subject to appellate review and then only as narrowly prescribed in the act. *Id.* at 812, 887 S.W.2d at 532-33. The question of whether a petition for judicial review is based upon a final agency decision is a jurisdictional matter that a court can address at anytime. *See id.*

We have held that final orders are needed for appellate review, including review of agency decisions in a circuit court, and we have defined a "final order" as "one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy." *McGann v. Pine Bluff Police Dep't*, 334 Ark. 352, 974 S.W.2d 462 (1998). Additionally, a final decision or order of an agency "shall be in writing" and "shall include findings of fact and conclusions of law, separately stated." Ark. Code Ann. § 25-15-210 (b)(1) & (2) (Repl. 2002). Under the Sex Offender Registration Act, the SOSRA committee shall send an offender the findings of his or her administrative review by certified mail. Ark. Code Ann. § 12-12-922(b)(7)(A)(i) (Supp. 2005).

The circuit court here found that the November 17 letter was the SOSRA committee's final decision on Munson's administrative review. We disagree. The language of the letter

does not clearly indicate that Munson's right of review has been concluded. Instead, the letter is framed in terms that indicate the review was still ongoing. The letter specifically states that Munson's information *"will be forwarded"* to the committee and "[t]he only information *to be* reviewed *will be* that which may not have been received previously." Moreover, the November 17 letter does not contain any findings of fact or law with regard to the administrative review. The letter merely sets out the procedures that the committee members follow in performing a review. Accordingly, we hold that Burris's November 17 letter did not constitute the SOSRA committee's final decision on the assessment of Munson as a level III sex offender.

■ The circuit court also found that Mobley's March 14 and April 6 letters gave Munson further notice that a final decision had been reached on his administrative review. As stated above, the Sex Offender Registration Act requires the SOSRA committee to send an offender the findings of his or her administrative review by certified mail. Ark. Code Ann. § 12-12-922(b)(7)(A)(i). The requirement that a final decision be sent by certified mail acts as a confirmation of the date on which the offender received the final decision and thereby determines when the thirty-day deadline expires for filing a petition for judicial review under Ark. Code Ann. § 25-15-212(b). The record before us, however, does not contain any evidence that the March 14 and April 6 letters were sent by certified mail, as required by Ark. Code Ann. § 12-12-922(b)(7)(A)(i). Thus, without proof that the March 14 and April 6 letters were properly sent to Munson, we cannot say that either of those letters constituted a final decision under § 25-15-212(b). Moreover, in the absence of any proof that Munson received those letters, much less proof of dates of receipt, the deadline for filing a petition for judicial review — thirty (30) days after the offender receives the administrative review findings — cannot be determined. Ark. Code Ann. §§ 12-12-922(b)(7)(A)(ii), 25-15-212(b).

For the reasons stated above, we hold that Munson did not receive a final decision on his administrative review from the SOSRA committee. We therefore dismiss Munson's appeal without prejudice so that he can obtain a final decision from the SOSRA committee. Furthermore, this disposition of Munson's appeal renders the pending motions moot.

Appeal dismissed without prejudice; motions moot.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### MAY 17, 2007

*Dustin McDaniel*, Att'y Gen., by: *Amy L. Ford*, Ass't Att'y Gen., for Petitioner.

Annabelle Clinton Imber, Justice. In September 2003, the Arkansas Department of Correction Sex Offender Screening and Risk Assessment Committee (SOSRA) assessed James R. Munson as a level III sex offender, pursuant to the Sex Offender Registration Act of 1997, Ark. Code Ann. §§ 12-12-901 through 12-12-922 (Repl. 2003 & Supp. 2005). Munson requested an administrative review of the assessment under Ark. Code Ann. § 12-12-922 (Supp. 2005). After protracted correspondence between Munson and two SOSRA committee members, Munson received three letters containing ambiguous statements about the results of the administrative review. Munson eventually filed a petition for judicial review of the SOSRA assessment in the Circuit Court of Pulaski County. *See* Ark. Code Ann. § 12-12-922 (a)(7)(A)(ii). In response, SOSRA filed a motion to dismiss Munson's petition for judicial review because Munson filed his petition after the thirty-day deadline proscribed in Ark. Code Ann. § 12-12-922 (a)(7)(A)(ii). The circuit court granted the motion to dismiss finding that Munson failed to file his petition for judicial review within thirty (30) days after receiving SOSRA's initial letter concerning his administrative review.

Munson then lodged an appeal in this court, and we issued our decision in the matter on March 22, 2007. *See Munson v. Arkansas Department of Correction Sex Offender Screening & Assessment*, 369 Ark. 290, 253 S.W.3d 901 (2007). We explained that in order for SOSRA's letters regarding the administrative review to be subject to judicial review under Ark. Code Ann. §§ 12-12-922(a)(7)(A)(ii) and the judicial review section of the Administrative Procedure Act (APA), Ark. Code Ann. § 25-15-212, the letter must constitute notice of the final decision of the SOSRA committee. Under Ark. Code Ann. § 25-15-210(b)(2) an agency's final decision "shall include findings of fact and conclusions of law, separately stated." *Id.* Thus, we concluded that the committee's initial letter to Munson was not a final decision of the committee, in part, because it did not contain any such findings. We also decided to dismiss Munson's appeal without prejudice because there was no proof in the record that the SOSRA committee members sent Munson any of the letters by certified mail, as required by Ark. Code Ann. § 12-12-922 (b)(7)(A)(i), and therefore we could not conclude that he had received notice of SOSRA's final decision.

Upon petition for rehearing, SOSRA does not challenge our decision that Munson did not receive notice of the agency's final decision by certified mail. Instead, SOSRA contends that although

section 12-12-922 allows a sex offender to obtain judicial review of SOSRA's administrative review of his risk assessment through the APA's judicial review section, Ark. Code Ann. § 25-15-212, the General Assembly did not intend for any other provisions of the APA to apply to the sex-offender-assessment process. Specifically, SOSRA argues that an administrative review of a sex offender's risk assessment does not constitute an "adjudication" as defined under the APA because no hearing is required in the assessment process. Accordingly, SOSRA argues that the APA does not apply to the committee's assessment determination, and thus the administrative review does not have to contain specific findings of fact and law. Based upon this analysis, SOSRA asks this court to remove the language in our decision that requires SOSRA to include specific findings of fact and law in the agency's final decision. For the reasons stated below, we decline SOSRA's request and therefore deny the petition for rehearing.

Under the APA, section 25-15-212(a) provides that "[i]n cases of *adjudication*, any person . . . who considers himself or herself injured in her person, business, or property by final agency action shall be entitled to judicial review of the action." *Id.* (emphasis added). Proceedings for judicial review "shall be instituted by filing a petition [in the circuit court] within thirty (30) days after service upon the petitioner of the agency's final decision." Ark. Code Ann. § 25-15-212(b) (emphasis added). An "adjudication" is defined as an "agency process for the formulation of an order," and an "order" is "the final disposition of an agency in any matter other than rule making, including licensing and rate making, in which the agency is required by law to make its determination after notice and hearing." Ark. Code Ann. § 25-15-202 (1)(A) and (5) (Supp. 2005). "In every case of adjudication, a final decision or order shall be in writing or stated in the record." Ark. Code Ann. § 25-15-210(b)(1) (Repl. 2002). "A final decision shall include *findings of fact and conclusions of law*, separately stated." Ark. Code Ann. § 25-15-210(b)(2) (Repl. 2002) (emphasis added).

Pursuant to the Sex Offender Registration Act, the SOSRA committee shall perform an assessment of each sex offender in accordance with the SOSRA committee guidelines, and the committee shall assign the sex offender a risk level. *See* Ark. Code Ann. § 12-12-922(a). The sex offender can then challenge the risk level by requesting an administrative review. Ark. Code Ann. § 12-12-922(b)(1)(A). A member of the committee shall conduct the administrative review within thirty (30) days of receiving a request for review, and "[t]he *findings* of the administrative review shall be

sent to the sex offender by certified mail." Ark. Code Ann. § 12-12-922(b)(6)(A) & (7)(A) (emphasis added). "Upon receipt of the *findings*, the sex offender has thirty (30) days to file a petition under the Arkansas Administrative Procedure Act § 25-15-201, et. seq., for judicial review . . . ." Ark. Code Ann. § 12-12-922(b)(7)(B) (emphasis added).

SOSRA argues that the APA does not apply to the SOSRA committee's administrative review of a sex offender's risk assessment because section 12-12-922 does not require a hearing, and, therefore, the administrative review is not an order resulting from an adjudication. According to SOSRA's petition for rehearing, the SOSRA committee is only required to send the sex offender a certified letter "stating the results of SOSRA's consideration of the offender's request for review of his registration level," and section 12-12-922 does not require any formal findings of fact or law. Such a statutory interpretation, however, is contrary to the plain language of section 12-12-922.

The General Assembly specifically stated that judicial review of SOSRA assessment decisions would be governed by the provisions of the APA, including the judicial review provision in that subchapter, Ark. Code Ann. § 25-15-212. *See* Ark. Code Ann. §§ 12-12-922(b)(7)(B) and 25-15-212. In deciding that judicial reviews of SOSRA decisions would be administered under Ark. Code Ann. § 25-15-212, the General Assembly relegated judicial review of such decisions to a statute that deals exclusively with adjudications. *See* Ark. Code Ann. § 25-15-212(a) ("In cases of adjudication, any person . . . who considers himself or herself injured . . . shall be entitled to judicial review." *Id.* (emphasis added)). Although we agree with SOSRA that section 12-12-922 does not require a hearing and thus does not fall squarely within the definition of an "order," *see* Ark. Code Ann. § 25-15-202(5), the General Assembly's decision to place judicial review of SOSRA decisions under the APA reflects its intent to have an administrative review under section 12-12-922 function as an adjudication by the SOSRA committee. Accordingly, it follows that a SOSRA administrative review must meet the specifications for a reviewable adjudication under Ark. Code Ann. § 25-15-212. An adjudication is a final decision of an agency that must contain specific findings of fact and law, and thus the SOSRA committee's administrative reviews should be accompanied by such findings. Ark. Code Ann. § 25-15-210(b). Contrary to SOSRA's argument that the SOSRA committee need only send the sex offender a letter containing the bare

results of the committee's decision as to whether the request for review is meritorious, section 12-12-922 does in fact require the committee to send "findings" of the administrative review, which proscription is consistent with the requirements of the APA. *See* Ark. Code Ann. § 12-12-922(7)(A)(i) & (ii).

■ Moreover, neither this court nor the circuit court can review a decision that is not final, and the APA requires specific findings of fact or law to accompany a final decision of an agency. *See McGann v. Pine Bluff Police Dep't*, 334 Ark. 352, 974 S.W.2d 462 (1998). Furthermore, without the required findings, the task of a reviewing court — to determine whether SOSRA's decision was correct — would be rendered more difficult, if not impossible, to perform. SOSRA's argument to the contrary implies that SOSRA never has to render a final decision that meets the requirements set forth in the APA. We decline to adopt SOSRA's argument that the APA does not apply to the committee's assessment determination, and therefore we reaffirm our decision that a SOSRA administrative review must contain specific findings of fact or law pertaining to the results of the review.

Petition denied.