ARKANSAS LIVESTOCK AND POULTRY
COMMISSION *v.* Dennis HOUSE

82-29                                          634 S.W.2d 388

Supreme Court of Arkansas
Opinion delivered June 14, 1982

*Steve Clark,* Atty. Gen., by: *Roger W. Giles,* Asst. Atty. Gen., for appellant.

*Van T. Younes* of *Adams, Covington & Younes, P.A.,* for appellee.

STEELE HAYS, Justice. By this appeal we are asked to decide whether the discharge of an employee by the Arkansas Livestock and Poultry Commission is subject to review

under the Administrative Procedure Act. The circuit court held it to be an adjudication and, hence, covered by the act. On appeal we reverse, holding the discharge of an employee to be an administrative decision and the circuit court is without jurisdiction to review those decisions.

Appellee House had been employed for several years as a livestock inspector for the Arkansas Livestock and Poultry Commission. In October 1978 he was discharged on the ground that alcohol was interfering with his job perform-ance, which was otherwise quite acceptable. He was later reinstated to a probationary status pursuant to a grievance proceeding but subject to immediate discharge for drinking on the job, while in uniform or in a State-owned vehicle, or for failure to regularly attend meetings of Alcoholics Anonymous.

During the probationary period appellee was notified that his employment was again terminated for drinking and for failure to regularly attend meetings of Alcoholics Anonymous. A fact-finding panel again heard testimony from several witnesses including appellee and recommended against rehiring until such time as appellee had demon-strated voluntary rehabilitation. This recommendation was adopted and appellant then filed suit in circuit court, invoking the Arkansas Administrative Procedure Act, Ark. Stat. Ann. § 5-701 through 714 (Repl. 1976), tracking his allegations of error, for the most part, in accordance with the grounds for judicial review set out in Section 13 (h) of the act.

Appellant commission moved to dismiss the complaint on the ground that the termination of an employee is not an "adjudication" within the meaning of the act, which the court declined to grant, holding instead there was no substantial evidence to support appellee's termination.

For reversal, appellant contends employee terminations are not subject to review under the Administrative Procedure Act and the trial court erred in not dismissing appellee's complaint for lack of jurisdiction and second, appellee's dismissal was supported by substantial evidence. We need

not reach the second point, as the first point must be sustained.

It seems too obvious for serious argument that the Administrative Procedure Act, enacted in 1967, was never designed nor intended to create supervisory responsibility by the judicial branch of state government over the day-to-day actions of the executive branch, including the hiring and firing of personnel, but, rather, to establish procedures for hearings and notice (which meet due process requirements) in those functions of the executive branch which are basically adjudicatory or quasi judicial, particularly with respect to rule making, the renewal or revocation of licenses, and where, under law, an agency of the State must make orders based on the adjudication process. But it is only in the judicial functions that the Administrative Procedure Act purports to subject agency decisions to appellate review and then only as narrowly prescribed in the act. See *J. L. Williams & Son* v. *Smith,* 205 Ark. 604, 170 S.W.2d 82 (1943). It hardly need be said that firing employees is clearly an administrative act and not a matter that involves the quasi judicial function of an agency. If firing is subject to judicial review then we can think of no logical reason why hiring should not be also. And if hiring is, it follows that promotion would also come under our purview, and so on and on.

In *Sikes* v. *General Publishing Co., Inc.,* 264 Ark. 1, 568 S.W.2d 33 (1978), we reviewed the fundamental distinction between administrative rulings and judicial functions in the separate branches of government, observing that appellate review under the act is confined to adjudications, which Webster defines as "a *judicial* determination" (New International Dictionary, 2d ed., 1939). Obviously, when and under what circumstances an agency employee should be terminated is not a judicial function, but a basic and perfunctory part of the administrative routine of an agency in its discharge of public business and nothing would be more inimical to the separation of powers than for the judicial branch to claim the power to monitor such decisions.

Appellee argues that where the agency appoints a fact-finding panel, gives written notice to the employee, conducts a hearing, makes findings of fact and conclusions of law and generally underakes to proceed as if a judicial function were involved, it is estopped to deny that the proceeding is an adjudication as defined in the act. Appellee has given us no authority in support of the position and we find an essential requirement of estoppel (assuming a branch of state government was subject to that doctrine of the law) is lacking. Estoppel does not dictate that one who has taken a particular course of direction must continue irreversibly on that course; it is only where one has taken a certain course or position knowing that another is relying on that course and which, if altered, would leave him exposed, or in a vulnerable or defenseless position to his detriment, that estoppel comes into play. *American Casualty Co. v. Hambleton*, 233 Ark. 942, 349 S.W.2d 664 (1961); *Hudson v. Hudson*, 219 Ark. 211, 242 S.W.2d 154 (1951). Here, appellee was not jeopardized by the grievance procedures, on the contrary, he was simply afforded an opportunity to plead his case, which he managed to do successfully the first time. And while the outcome of the second hearing was not favorable to appellee, he was not prejudiced by it. By giving the appellee the right to be heard on the issue of whether he had violated the conditions of his probation, the agency did not thereby subject itself to judicial review of what was so clearly an administrative act.

We find the circuit court was without subject matter jurisdiction, and we reverse with directions to dismiss the complaint.