2012 Ark. 248

FATPIPE, INC., Appellant

v.

STATE of Arkansas; Arkansas Department of Finance and Administration; Office of State Procurement, Appellees.

No. 11–1213.

Supreme Court of Arkansas.

May 31, 2012.

Rehearing Denied Aug. 14, 2012.

Herbert C. Rule III, Rose Law Firm, Little Rock, for Appellant.

Dustin McDaniel, Atty. Gen., Ali Brady, Asst. Atty. Gen., for Appellees.

COURTNEY HUDSON GOODSON, Justice.

At issue in this appeal is a decision made by appellee, Office of State Procurement (OSP), rejecting the protest submitted by appellant, Fatpipe, Inc. (Fatpipe), of a contract award for the State's purchase of bandwidth equipment. Fatpipe sought judicial review of that decision in the Pulaski County Circuit Court and now appeals the circuit court's order granting OSP's motion to dismiss. For reversal, Fatpipe contends that the circuit court erred in ruling that it lacked standing to protest the contract award; that OSP's decision was not subject to judicial review under the Arkansas Administrative Procedure Act (APA); that its claims were barred by the doctrine of sovereign immunity; and that it failed to join a necessary and indispensable party. As an additional issue, Fatpipe contends that the contract OSP awarded is illegal because the successful bidder is a company that is not registered to do business in Arkansas. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(5), as this case involves a significant issue needing clarification and development of the law regarding judicial review of an agency's decision. We dismiss the appeal because the circuit court lacked subject-matter jurisdiction to review the decision.

The record reflects that on December 7, 2010, OSP posted an "Invitation for Bid" for the procurement of bandwidth-aggregation appliances for select agencies within the State of Arkansas. The filing deadline for responsive bids expired on January 6, 2011, and OSP received bids from Presidio Networked Solutions (Presidio), Ecessa Corporation (Ecessa), and Ritter Communications. On January 12, 2011, OSP announced its intention to award the contract to Ecessa.

Fatpipe, a Utah corporation that is not a state-qualified vendor, is the supplier of equipment for Presidio's bid. On January 26, 2011, Fatpipe challenged the award to Ecessa by submitting a "Bid and Contract Award Protest" to Jane Benton, the director of OSP. As its protest, Fatpipe asserted, on multiple technical grounds, that Ecessa's proposal was not responsive to the invitation to bid. By letter dated January 27, 2011, Benton responded that Fatpipe's protest could not be considered under the provisions of Arkansas Code Annotated section 19–11–244 (Supp.2011) because Fatpipe was not an "actual bidder" for the contract.[1] Benton advised

---

1. Section 19–11–244(a)(2) provides that "[a]ny actual bidder, offeror, or contractor

that Presidio would have been the proper party to contest the award to Ecessa. In a letter written on February 8, 2011, Fatpipe took issue with Benton's determination that it lacked standing to protest the award and requested the opportunity to confer with her in an attempt to resolve the dispute, as permitted under section 19–11–244(b)(1). In her reply dated February 16, 2011, Benton held firm to the position that Fatpipe was not eligible to protest the award.

On March 9, 2011, Fatpipe filed a petition for judicial review in the Pulaski County Circuit Court pursuant to the APA,[2] purporting to appeal OSP's rejection of its protest. It subsequently filed an amended petition for judicial review on April 27, 2011, and also an amended and restated petition for review on July 20, 2011. Collectively, Fatpipe alleged that, prior to the invitation to bid, it was one of three providers, including Ecessa, that were solicited by the Arkansas Department of Information Services (DIS) to provide computer network devices for use and evaluation at schools throughout the state. It claimed that, given its status as a non-qualified vendor, DIS representatives suggested that Fatpipe "work through" its associated reseller, Presidio, to submit its quote for equipment to be purchased for use during the evaluation period. Fatpipe alleged that, after the evaluation period concluded, DIS advised that its equipment performed to required specifications. It asserted that DIS and OSP worked together to formulate the invitation to bid and alleged that there was an effort to reduce the quality of the specifications so that Ecessa's device would conform to the contract specifications. Fatpipe also al-

leged that Ecessa obtained access to Presidio's quote for the equipment used during the evaluation period and that Ecessa used that information to undercut Presidio's subsequent bid. It further alleged that a tally sheet listing the three bids was altered in Ecessa's favor, and it claimed that Ecessa was not qualified to do business in Arkansas. Fatpipe asserted that the award to Ecessa was illegal and void based on these alleged irregularities and unlawful procedures.

Fatpipe also alleged that OSP acted in bad faith and that OSP was estopped from asserting that it lacked standing to contest the award. In this regard, Fatpipe contended that its corporate counsel in Utah reviewed information posted on OSP's website to ascertain the procedure for filing a protest to a contract award. Specifically, it alleged that counsel perused the 2009 Vendor Manual and the "Procurement Law and Rules" of the OSP, dated September 2007, stating that "anyone" could file a protest. Fatpipe asserted that these materials referred to the version of section 19–11–244 prior to its amendment by Act 677 of 2009. It claimed that, in June 2011, the Vendor's Manual was rewritten to include the 2009 amendment to the statute, which Benton relied on to conclude that it lacked standing to protest the award. Fatpipe asserted that OSP violated the law by not updating the Vendor's Manual in a timely manner and that it relied to its detriment on the outdated website postings to conclude that it could protest the award.

In terms of relief, Fatpipe sought reversal of the decision to award the contract to Ecessa and an order requiring the contract

who is aggrieved in connection with the award of a contract may protest" to the director or the head of a procurement agency.

2. Fatpipe also requested the circuit court to order a stay of OSP's decision to award the contract to Ecessa. The circuit court denied this request on May 9, 2011.

to be relet. In the alternative, it asked the circuit court to remand the matter to OSP in conjunction with a stay of the award pending the outcome of its challenge to the contract.

OSP filed motions to dismiss in response to the original petition for judicial review and each amended petition for review. OSP argued that its decision was not subject to review under the APA and that Fatpipe's claims were otherwise barred by sovereign immunity. In addition, OSP asserted that Fatpipe had failed to state facts upon which relief may be granted because Fatpipe lacked standing to contest the bid under the governing statute. It also claimed that Fatpipe had failed to join all necessary parties, as required by Rule 19 of the Arkansas Rules of Civil Procedure, because Ecessa was not made a party to the action.

The circuit court held a hearing on OSP's motions to dismiss on August 1, 2011. Although Fatpipe sought to introduce exhibits for the circuit court's consideration, the court was adamant that its decision was limited to the pleadings and that it would not convert the motion to dismiss to one for summary judgment by considering extraneous matters. On August 11, 2011, the circuit court entered an order dismissing Fatpipe's complaint. The court ruled that Fatpipe lacked standing because it was not an "actual bidder, offeror, or contractor" as required under section 19–11–244; that OSP's decision was an administrative decision and not an adjudication, and thus the APA did not apply; that Fatpipe's claims were barred by sovereign immunity; and that Fatpipe failed to join all necessary parties. From that order comes this appeal.

As its first issue, Fatpipe contends that the circuit court erred in upholding OSP's decision that it lacked standing to contest the award under section 19–11–244. Before reaching this argument, we must first address its second point on appeal challenging the circuit court's ruling that OSP's decision is not one that can be reviewed under the APA. We must do so because this is a threshold issue that involves the question of subject-matter jurisdiction. *See Ark. Livestock & Poultry Comm'n v. House*, 276 Ark. 326, 634 S.W.2d 388 (1982) (holding that the APA does not authorize judicial review of administrative decisions of state agencies and that a circuit court lacks subject-matter jurisdiction to review an agency's administrative decision); *see also Viswanathan v. Mississippi Cnty. Cmty. Coll. Bd. of Trs.*, 318 Ark. 810, 887 S.W.2d 531 (1994). It is well settled that subject-matter jurisdiction is a court's authority to hear and decide a particular type of case. *Edwards v. Edwards*, 2009 Ark. 580, 357 S.W.3d 445. A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. *Id.*

On the question of judicial review, Fatpipe argues that the circuit court erred in ruling that the APA does not provide an avenue for reviewing OSP's decision that it lacked standing to contest the award. It contends that OSP's decision was an adjudication for purposes of the APA because section 19–11–244(c) and (e) gives the director the authority to negotiate a settlement that is considered final and conclusive. In response, OSP asserts that its decision not to entertain Fatpipe's protest was an administrative decision that is not subject to judicial review. In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Downing v. Lawrence Hall Nursing Ctr.*, 2010 Ark. 175, 369 S.W.3d 8. In testing the sufficiency of a com-

plaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Henry v. Cont'l Cas. Co.*, 2011 Ark. 224, 381 S.W.3d 802. However, when a complaint is dismissed on a question of law, this court conducts a de novo review. *Id.*

The right to judicial review under the APA is limited to "cases of adjudication." Ark.Code Ann. § 25–15–212(a) (Repl.2002). "Adjudication" is defined within the APA as the ⌐₇"agency process for the formulation of an order." Ark.Code Ann. § 25–15–202(1) (Repl.2002). "Order" is defined as "the final disposition of an agency in any matter other than rule making, including licensing and rate making, in which the agency is required by law to make its determination after notice and a hearing." Ark.Code Ann. § 25–15–202(5). Where there has been no adjudication before the administrative agency, there has been no final agency action to be reviewed pursuant to section 25–15–212. *Walker v. Ark. State Bd. of Educ.*, 2010 Ark. 277, 365 S.W.3d 899. This court has held that it is only with respect to its judicial functions, which are basically adjudicatory or quasi-judicial in nature, that the APA purports to subject agency decisions to judicial review. *Tripcony v. Ark. Sch. for the Deaf,* 2012 Ark. 188, 403 S.W.3d 559; *House, supra.* Otherwise, courts lack subject-matter jurisdiction to examine administrative decisions of state agencies. *Tripcony, supra.*

OSP refers us to our decision in *Sikes v. Gen. Publ'g Co., Inc.*, 264 Ark. 1, 568 S.W.2d 33 (1978). There, the State Printing Board awarded several printing contracts to the Hurley Company. However, after learning that the company failed to file performance bonds within the re-

quired time, the Board reviewed the matter at a meeting and voted to rescind the contracts and award them to other bidders. The Hurley Company then sought judicial review under the APA. In holding that judicial review under the APA was not appropriate, this court drew a distinction between agency action that is administrative as opposed to judicial in nature. We concluded that the Board's decision was administrative and not an adjudication; thus, it was not subject to judicial oversight because the Board heard no testimony, made no findings of facts, did not serve the parties with a copy of the decision, and ⌐₈certified no record of any proceeding.

On the other hand, Fatpipe relies on *Walker v. Ark. State Bd. of Educ.*, 2010 Ark. 277, 365 S.W.3d 899, where we determined that the Board's decision granting a petition to approve the closure of a school was an adjudication within the purview of the APA. In that case, the statutory scheme at issue provided the Board with a standard of review for making its determination and required notice and a hearing before issuing a final decision to approve or disapprove the proposed closure. We concluded that the Board acted in a judicial or quasi-judicial capacity, rather than a day-to-day administrative capacity, when reviewing a petition to close a school.

In the case at bar, the director decided that Fatpipe was not among the class of entities entitled to lodge a protest against the contract award. This decision more closely resembles the one at issue in *Sikes* rather than the one in *Walker.* Here, the director's decision did not emanate from a hearing, and the director did not issue an order containing any findings of fact. Administratively, the director merely determined that Fatpipe's protest could not be heard.[3] Therefore, we conclude that the

---

**3.** The question of whether a decision made by

OSP on the merits of a protest is subject to

decision does not come within the purview of the APA, and thus the circuit court lacked jurisdiction to review it. Because the circuit court lacked subject-matter jurisdiction over this matter, this court similarly has no jurisdiction to entertain an appeal regarding it. *Tripcony, supra* (citing *Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000)). It necessarily follows that we also lack jurisdiction to decide the remaining issues raised on appeal. *Id.*

Appeal dismissed.

review under the APA is not before us.