

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–13–124

|  |  |
|---|---|
| DONALD SEARS<br><br>             APPELLANT<br><br>V.<br><br>JOAN ZUMWALT<br><br>             APPELLEE | **Opinion Delivered** September 11, 2013<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br>[CV-10-6472]<br><br>HONORABLE MARY SPENCER MCGOWAN, JUDGE<br><br><br>REVERSED AND DISMISSED |

### WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's adverse ruling in favor of appellee in connection to appellee's motion for declaratory judgment. On appeal, appellant argues that: (1) the circuit court erred in holding it had jurisdiction over appellant after holding it had no jurisdiction over co-defendant Arkansas Beverage Control Division (ABC) and by not holding that appellant had failed to exhaust her administrative remedies; (2) the circuit court erred in holding it had jurisdiction to decide the validity of an agency rule pursuant to Ark. Code Ann. § 25-15-207 and then declaring appellant's posting of a notice pursuant to the rule to be invalid instead of declaring the ABC rule to be invalid; and (3) the circuit court erred in substituting its judgment on a factual issue that was solely within the discretion of the director of the ABC division. We reverse and dismiss.

I. *Facts*

Appellant applied to the Director of the ABC to transfer his liquor license from a North Little Rock address to a property located at 7950 T.P. White Drive in Northern Pulaski County between Jacksonville and Cabot. On September 15, 2010, the ABC granted appellant's application for a retail liquor permit. Appellee notified ABC Director Michael Langley of her opposition, declaring the letter as her notice of appeal, on October 15, 2010, and filed a motion for declaratory judgment in circuit court on November 16, 2010. On December 20, 2010, ABC filed a motion to dismiss appellee's motion for declaratory judgment for failure to state facts upon which relief can be granted pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. Also on December 20, 2010, appellant filed a motion to dismiss for lack of subject-matter jurisdiction on the ground that no adjudication had been made, thereby prohibiting review, and that the property was properly posted and notice properly published.

In an order filed February 1, 2011, the circuit court ordered appellant "to produce a legible photograph of the notice he allegedly posted in compliance with the applicable ABC regulations and Ark. Code Ann. § 3-4-210." On that same date, the circuit court filed an order dismissing ABC as a party to the matter for lack of subject-matter jurisdiction on the ground that the court lacked jurisdiction to review the matter pursuant to Ark. Code Ann. § 25-15-212(a) because the director's decision did not constitute an adjudication

A hearing was held on appellant's motion to dismiss pursuant to Rule 12(b)(6) on March 29, 2011. On March 30, 2011, appellant filed a second motion to dismiss for lack of

subject-matter jurisdiction listing essentially the same grounds as ABC did in its motion to dismiss. In addition, in his brief in support, appellant cited the court's earlier dismissal of ABC as a defendant on the same grounds appellant was now asserting as further support for his argument.

In an Order filed June 14, 2011, the circuit court held that appellant's publication of notice in the Daily Record was sufficient to meet the requirements of Ark. Code Ann. § 3-4-210 notice requirement, but denied appellant's December 20, 2010 motion to dismiss, finding that whether notice was appropriately posted on the property was in dispute. The circuit court also denied appellant's March 30, 2011 motion to dismiss on the ground that relief was permissibly sought pursuant to Ark. Code Ann. § 25-15-207, not Ark. Code. Ann. § 3-4-210. Finally, in an October 24, 2012 order, the circuit court acknowledged that it had no jurisdiction to review the ABC's decision under the Administrative Procedures Act (APA), but the court found that it had authority to enter declaratory judgment pursuant to Ark. Code Ann. § 25-15-207, and ordered appellant to "properly post notice, allowing the Plaintiff time to formally object to the application, after which ABC will render a decision and if the Plaintiff opposes the decision, she will have the right to file an appeal with the ABC board."[1]

This timely appeal followed.

---

[1] The circuit court refused to make any determination on the permit itself and left the permit in effect unless, after thirty days of proper notice, an objection was lodged and the ABC rendered its decision.



### III. *Standard of Review*

Review of administrative agency decisions, by both the circuit court and the appellate courts, is limited in scope.[2] The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings.[3] Our review is directed not toward the circuit court but toward the decision of the administrative agency.[4] Judicial review of an administrative agency's decision is limited because the agency is better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze the legal issues affecting it.[5] When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion.[6] We review issues of statutory interpretation de novo; however, the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong.[7]

---

[2]*Lamar Co., LLC v. Ark. State Hwy. & Transp. Dep't*, 2011 Ark. App. 695, at 5, 386 S.W.3d 670, 674 (citing *Seiz Co. v. Ark. State Hwy. & Transp. Dep't*, 2009 Ark. 361, 324 S.W.3d 336).

[3]*Id.*

[4]*Capstone Oilfield Disposal of Ark., Inc. v. Pope Cty.*, 2012 Ark. App. 231, at 4, ___ S.W.3d ___, ___ (citing *Walls v. Ark. Oil & Gas Comm'n*, 2012 Ark. App. 110, ___ S.W.3d ___).

[5]*Id.*

[6]*Lamar Co., LLC*, 2011 Ark. App. 695, at 6.

[7]*Id.*, 386 S.W.3d at 674-75.

SLIP OPINION

### III. *Jusrisdiction*

Appellant's first argument is that the circuit court erred in holding it had jurisdiction over appellant after holding it had no jurisdiction over co-defendant ABC and by not holding that appellee had failed to exhaust her administrative remedies.

The right to judicial review under the APA is limited to "cases of adjudication."[8] "Adjudication" is defined within the APA as the "agency process for the formulation of an order."[9] "Order" is defined as "the final disposition of an agency in any matter other than rule making, including licensing and rate making, in which the agency is required by law to make its determination after notice and a hearing."[10] Where there has been no adjudication before the administrative agency, there has been no final agency action to be reviewed pursuant to Ark. Code Ann. § 25-15-212.[11] This court has held that it is only with respect to its judicial functions, which are basically adjudicatory or quasi-judicial in nature, that the APA purports to subject agency decisions to judicial review.[12] Otherwise, courts lack subject-matter jurisdiction to examine administrative decisions of state agencies.[13]

---

[8]*Fatpipe, Inc. v. State*, 2012 Ark. 248, at 6, ___ S.W.3d ___, ___ (citing Ark. Code Ann. § 25-15-212(a) (Repl. 2002)).

[9]*Id.*, 2012 Ark. at 6-7(citing Ark. Code Ann. § 25-15-202(1) (Repl. 2002)).

[10]*Id.*, 2012 Ark. at 7 (citing Ark. Code Ann. § 25-15-202(5)).

[11]*Id.* (citing *Walker v. Ark. State Bd. of Educ.*, 2010 Ark. 277, 365 S.W.3d 899).

[12]*Id.* (citing *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, ___ S.W.3d ___; *Ark. Livestock & Poultry Comm'n v. House*, 276 Ark. 326, 634 S.W.2d 388 (1982)).

[13]*Id.* (citing *Tripcony*, *supra*).

The ABC director's decision approving appellant's application was predicated upon the contents of the application file alone. No hearing or other process whereby testimony was received took place. Therefore, the director's decision in the instant case did not constitute an "adjudication" for the purposes of the APA. Since the director's decision did not constitute an adjudication, the circuit court lacked subject–matter jurisdiction to review it. We reverse the circuit court on this point. Because we reverse on this point, we do not address appellant's other arguments.

Reversed and dismissed.

GLOVER and WOOD, JJ., agree.

*Singleton Law Firm, P.A.*, by: *Charles R. Singleton* and *Damon C. Singleton*, for appellants.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Sam Hilburn*, *Traci LaCerra*, and *Lauren White Hamilton*, for appellee.