

# ARKANSAS COURT OF APPEALS

DIVISION II & III
No. CV–13–124

| | |
|---|---|
| | **Opinion Delivered** December 11, 2013 |
| DONALD SEARS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION |
| APPELLANT | [NO. CV-10-6472] |
| V. | |
| JOAN ZUMWALT | HONORABLE MARY SPENCER MCGOWAN, JUDGE |
| APPELLEE | REVERSED AND DISMISSED; SUBSTITUTED OPINION; PETITION FOR REHEARING DENIED |

## RHONDA K. WOOD, Judge

In a previous opinion, *Sears v. Zumwalt*, 2013 Ark. App. 490, we reversed a decision of the Pulaski County Circuit Court. Appellee Joan Zumwalt filed a petition for rehearing challenging our reversal. We deny Zumwalt's petition for rehearing and issue this substituted opinion.

The facts of the case are as follows. Donald Sears filed an application to transfer an existing retail liquor permit to another property. Under Ark. Code Ann. § 3-4-210 (Repl. 2008) and other Alcoholic Beverage Control Board (ABC) regulations, Sears was required to post an 11" x 17" sign, provided by the ABC, on the new property and run a notice in a legal newspaper of general circulation. He complied with these requirements, and the ABC approved his application without opposition. After Sears began construction

SLIP OPINION

on his new store, Zumwalt filed a petition for declaratory judgment in Pulaski County Circuit Court against Sears and the ABC. In the petition, Zumwalt alleged that the court had jurisdiction pursuant to the Administrative Procedure Act (APA) and specifically Ark. Code Ann. § 25-15-212(b) (Repl. 2002). Zumwalt argued in her petition that Sears failed to provide notice because the posting of the 11" x 17" sign was not in a conspicuous location as the statute required.[1]

The court dismissed ABC as a party. The circuit court found that since the ABC Director's decision to approve Sears's application did not constitute an "adjudication" for the purposes of the APA, the court lacked subject-matter jurisdiction to review it under Ark. Code Ann. § 25-15-212. However, the circuit court was unwilling to dismiss Sears on the same grounds. In its order denying Sears's motion to dismiss for lack of jurisdiction, the circuit court found that Zumwalt permissibly sought relief under Ark. Code Ann. § 25-15-207, the statute allowing declaratory relief from the validity or applicability of an agency rule. Notably, this was not the statute Zumwalt pleaded and not the statute the court used when dismissing the ABC.

During the final hearing in the matter, the circuit court again acknowledged that it had no jurisdiction to review the ABC's decision under the APA, but that it did have authority to enter a declaratory judgment against Sears under Ark. Code Ann. § 25-15-207. The court then ordered Sears to "properly post notice, allowing the Plaintiff [Zumwalt] time to formally object to the application, after which ABC will render a

---

[1]Zumwalt also argued that the Daily Record was not a legal newspaper of general circulation for purposes of Ark. Code Ann. § 3-4-210, making Sears's publication of the notice insufficient. The circuit court rejected this argument in an order dated June 14, 2011.



decision and if the Plaintiff [Zumwalt] opposes the decision, she will have the right to file an appeal with the ABC board." Sears filed a timely appeal.

## I. *Standard of Review*

Sears filed an appeal from the circuit court's grant of declaratory judgment. On appeal, the case presents questions of statutory construction. Issues of statutory construction are reviewed de novo, as it is for the appellate court to decide the meaning of a statute without deference to the circuit court. *Baker Refrigeration Sys. v. Weiss*, 360 Ark. 388, 201 S.W.3d 900 (2005).

## II. *Jurisdiction*

Sears's first argument on appeal is that the circuit court erred in holding that it had jurisdiction over Sears but did not have jurisdiction over the ABC. When Zumwalt filed her motion for declaratory judgment in the case, she claimed that Pulaski County was the proper jurisdiction to file the petition with subject-matter jurisdiction arising under Ark. Code Ann. § 25-15-212.

Arkansas Code Annotated section 25-15-212 governs the judicial review of administrative adjudications. The right to judicial review under the APA is limited to "cases of adjudication." *Fatpipe, Inc. v. State*, 2012 Ark. 248, 410 S.W.3d 574. Where there has not been an adjudication before the administrative agency, the circuit court does not have jurisdiction for review under Ark. Code Ann. § 25-15-212. *Walker v. Ark. State Bd. of Educ.*, 2010 Ark. 277, 365 S.W.3d 899. The Arkansas Supreme Court has held that it is only with respect to agencies' judicial functions, which are basically adjudicatory or quasi-judicial in nature, that the APA purports to subject their decisions to judicial review.

SLIP OPINION

*Tripcony v. Ark. Sch. for the Deaf,* 2012 Ark. 188, 403 S.W.3d 559. Otherwise, courts lack subject-matter jurisdiction to examine administrative decisions of state agencies. *Id.*

The ABC director's decision approving Sears's application was predicated upon the contents of the application file alone. No hearing or other process whereby testimony was received took place. Therefore, the director's decision in the instant case was not an "adjudication" for the purposes of invoking review under Ark. Code Ann. § 25-15-212. Thus, the court lacked subject-matter jurisdiction and correctly dismissed the ABC as a party. The circuit court, likewise, should have dismissed Sears. Without an administrative adjudication, the court did not have subject-matter jurisdiction over Sears under the jurisdictional statute Zumwalt pleaded—Ark. Code Ann. § 25-15-212.

Instead, the court, sua sponte, stated that it had subject-matter jurisdiction against Sears under Ark. Code Ann. § 25-15-207. However, Zumwalt pleaded subject-matter jurisdiction under section 25-15-212, not section 25-15-207. Arkansas Code Annotated section 25-15-207 allows for declaratory relief from the validity or applicability of an agency rule. However, Zumwalt did not bring her action under this statute nor did she amend her pleadings.

Additionally, Arkansas Code Annotated section 25-15-207(c) clearly states that the agency shall be made a defendant in the action for declaratory judgment. Here, even if Zumwalt had pleaded Ark. Code Ann. § 25-15-207, the circuit court still did not have authority to proceed with the action against Sears once it dismissed the ABC as a party because the statute requires its presence as a defendant.



We reverse the circuit court because the court did not have subject-matter jurisdiction. Because we reverse on this point, we do not address appellant's other arguments. As the end result remains the same, we deny the petition for rehearing, but for clarity, we issue this substituted opinion.

Reversed and dismissed; petition denied.

WALMSLEY, HARRISON, GLOVER and, VAUGHT, JJ., agree.

BROWN, J., concurs.


SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
**No.** CV-13-124

|  |  |
|---|---|
| DONALD SEARS   APPELLANT | **Opinion Delivered** December 11, 2013 |
|  | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT NINTH DIVISION |
| V. | [CV-10-6472] |
| JOAN ZUMWALT   APPELLEE | HONORABLE MARY SPENCER MCGOWAN, JUDGE |
|  | CONCURRING OPINION |

**WAYMOND M. BROWN, Judge**

Appellant appeals from the circuit court's adverse ruling granting appellee's motion for declaratory judgment. On appeal, appellant argues that: (1) the circuit court erred in holding it had jurisdiction over appellant after holding it had no jurisdiction over co-defendant Arkansas Beverage Control Division (ABC) and by not holding that appellant had failed to exhaust her administrative remedies; (2) the circuit court erred in holding it had jurisdiction to decide the validity of an agency rule pursuant to Ark. Code Ann. § 25-15-207 and then declaring appellant's posting of a notice pursuant to the rule to be invalid instead of declaring the ABC rule to be invalid; and (3) the circuit court erred in substituting its judgment on a factual issue that was solely within the discretion of the director of the ABC division. We reverse and dismiss.

6



### I. *Facts*

Appellant applied to the director of the ABC to transfer his liquor license from a North Little Rock address to a property located at 7950 T.P. White Drive in northern Pulaski County between Jacksonville and Cabot. On September 15, 2010, the ABC granted appellant's application for a retail liquor permit. Appellee notified ABC Director Michael Langley of her opposition, declaring the letter as her notice of appeal on October 15, 2010, and filed a motion for declaratory judgment in circuit court on November 16, 2010. On December 20, 2010, ABC filed a motion to dismiss appellee's motion for declaratory judgment for failure to state facts upon which relief can be granted pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. Also on December 20, 2010, appellant filed a motion to dismiss for lack of subject-matter jurisdiction on the ground that no adjudication had been made, thereby prohibiting review, and that the property was properly posted and notice properly published.

In an order filed February 1, 2011, the circuit court ordered appellant "to produce a legible photograph of the notice he allegedly posted in compliance with the applicable ABC regulations and Ark. Code Ann. § 3-4-210." On that same date, the circuit court filed an order dismissing ABC as a party for lack of subject-matter jurisdiction pursuant to Ark. Code Ann. § 25-15-212(a) because the director's decision did not constitute an adjudication.

A hearing was held on appellant's motion to dismiss pursuant to Rule 12(b)(6) on March 29, 2011. On March 30, 2011, appellant filed a second motion to dismiss for lack of subject-matter jurisdiction listing essentially the same grounds as ABC did in its motion to

SLIP OPINION

dismiss. In addition, in his brief in support, appellant cited the court's earlier dismissal of ABC as a defendant on the same grounds appellant was now asserting as further support for his argument.

In an order filed June 14, 2011, the circuit court held that appellant's publication of notice in the Daily Record was sufficient to meet the requirements of Ark. Code Ann. § 3-4-210, but denied appellant's December 20, 2010 motion to dismiss, finding that whether notice was appropriately posted on the property was in dispute. The circuit court also denied appellant's March 30, 2011 motion to dismiss on the ground that relief was permissibly sought pursuant to Ark. Code Ann. § 25-15-207, not Ark. Code. Ann. § 3-4-210. Finally, in an October 24, 2012 order, the circuit court acknowledged that it had no jurisdiction to review the ABC's decision under the Administrative Procedures Act (APA), but the court found that it had authority to enter declaratory judgment pursuant to Ark. Code Ann. § 25-15-207, and ordered appellant to "properly post notice, allowing the Plaintiff time to formally object to the application, after which ABC will render a decision and if the Plaintiff opposes the decision, she will have the right to file an appeal with the ABC board."[1]

This timely appeal followed.

---

[1]The circuit court refused to make any determination on the permit itself and left the permit in effect unless, after thirty days of proper notice, an objection was lodged and the ABC rendered its decision.



## II. *Standard of Review*

Review of administrative agency decisions, by both the circuit court and the appellate courts, is limited in scope.[2] The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings.[3] Our review is directed not toward the circuit court but toward the decision of the administrative agency.[4] Judicial review of an administrative agency's decision is limited because the agency is better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze the legal issues affecting it.[5] When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion.[6] We review issues of statutory interpretation de novo; however, the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong.[7]

---

[2]*Lamar Co. v. Ark. State Highway & Transp. Dep't*, 2011 Ark. App. 695, at 5, 386 S.W.3d 670, 674 (citing *Seiz Co. v. Ark. State Highway & Transp. Dep't*, 2009 Ark. 361, 324 S.W.3d 336).

[3]*Id.*

[4]*Capstone Oilfield Disposal of Ark., Inc. v. Pope Cnty.*, 2012 Ark. App. 231, at 4, — S.W.3d — (citing *Walls v. Ark. Oil & Gas Comm'n*, 2012 Ark. App. 110, — S.W.3d —).

[5]*Id.*

[6]*Lamar Co.,* 2011 Ark. App. 695, at 6, 386 S.W.3d at 674.

[7]*Id.*, 386 S.W.3d at 674–75.



### III. *Jurisdiction*

Appellant's first argument is that the circuit court erred in holding it had jurisdiction over appellant after holding it had no jurisdiction over codefendant ABC and by not holding that appellee had failed to exhaust her administrative remedies.

The right to judicial review under the APA is limited to "cases of adjudication."[8] "Adjudication" is defined within the APA as the "agency process for the formulation of an order."[9] "Order" is defined as "the final disposition of an agency in any matter other than rule making, including licensing and rate making, in which the agency is required by law to make its determination after notice and a hearing."[10] Where there has been no adjudication before the administrative agency, there has been no final agency action to be reviewed pursuant to Ark. Code Ann. § 25-15-212.[11] This court has held that it is only with respect to its judicial functions, which are basically adjudicatory or quasi-judicial in nature, that the APA purports to subject agency decisions to judicial review.[12] Otherwise, courts lack subject-matter jurisdiction to examine administrative decisions of state agencies.[13]

---

[8]*Fatpipe, Inc. v. State*, 2012 Ark. 248, at 6, — S.W.3d — (citing Ark. Code Ann. § 25-15-212(a) (Repl. 2012)).

[9]*Id.*, 2012 Ark. 248 at 6-7, —S.W.3d at — (citing Ark. Code Ann. § 25-15-202(1) (Repl. 2012)).

[10]*Id.*, 2012 Ark. 248 at 7, —S.W.3d at — (citing Ark. Code Ann. § 25-15-202(5)).

[11]*Id.* (citing *Walker v. Ark. State Bd. of Educ.*, 2010 Ark. 277, 365 S.W.3d 899).

[12]*Id.* (citing *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, 403 S.W.3d 559; *Ark. Livestock & Poultry Comm'n v. House*, 276 Ark. 326, 634 S.W.2d 388 (1982)).

[13]*Id.* (citing *Tripcony*, *supra*).

The ABC director's decision approving appellant's application was predicated upon the contents of the application file alone. No hearing or other process whereby testimony was received took place. Therefore, the director's decision in the instant case did not constitute an "adjudication" for the purposes of the APA. Because the director's decision did not constitute an adjudication, the circuit court lacked subject-matter jurisdiction to review it. We reverse the circuit court on this point.

The appellee additionally argues that there was proper subject-matter jurisdiction against appellant under Ark. Code Ann. § 25-15-207. As stated earlier, appellee argued subject-matter jurisdiction under Ark. Code Ann. § 25-15-212 and did not amend her pleading. Even if appellee had brought an action for declaratory judgment under Ark. Code Ann. § 25-15-207, it would necessitate the ABC being included as a party. Ark. Code Ann. § 25-15-207(c) clearly states that the agency shall be made a defendant in the action for declaratory judgment.

Although our holding is that there was no jurisdiction under the statute pleaded, Ark. Code Ann. § 25-15-212, it was also error for the court to sua sponte find jurisdiction under Ark. Code Ann. § 25-15-207. Once the court dismissed the ABC, it could not proceed under Ark. Code Ann. § 25-15-207 because the statute requires the ABC's presence as a defendant.

*Singleton Law Firm, P.A.*, by: *Charles R. Singleton* and *Damon C. Singleton*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Sam Hilburn*, *Traci LaCerra*, and *Lauren White Hamilton*, for appellee.